**FILED**
**Dec 11, 2023**
**03:24 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **MAIKEL REAZKALLAH** | ) | **Docket No.: 2022-05-0554** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **AMAZON.COM SERVICES, LLC,** | ) | **State File No.: 2854-2022** |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **AMERICAN ZURICH INS. CO.,** | ) | **Judge Dale Tipps** |
| **Insurance Carrier.** | ) | |

---

## COMPENSATION ORDER DENYING BENEFITS

---

The Court held a Compensation Hearing on December 7, 2023, on whether Mr. Reazkallah is entitled to medical and disability benefits. Because Mr. Reazkallah submitted no admissible medical proof that his injury arose primarily out of his employment with Amazon, the Court holds that he is not entitled to the requested benefits.

### History of Claim

Mr. Reazkallah claimed he injured his low back while working at Amazon on December 18, 2021.[1] Amazon gave him a panel of physicians, and Mr. Reazkallah selected Dr. Harold Nevels and saw him on December 30.

Dr. Nevels's treatment note from that day describes complaints of pain, tightness, and numbness in the right thigh. Mr. Reazkallah asked for an MRI and x-ray and requested to be moved to a different area of work. After examining him, Dr. Nevels wrote, "I cannot explain the problems this patient is having. Says numb/cold sensation in right thigh one week after starting work. I can not [sic] call this a work comp injury." He advised Mr. Reazkallah to follow up with his primary care doctor for possible electrolyte imbalance and released him to full duty.

---

[1] The Petition for Benefit Determination describes a right leg injury, but Mr. Reazkallah now says he injured his back, which resulted in upper right leg symptoms.

1

Based on Dr. Nevels's evaluation, Amazon denied Mr. Reazkallah's claim, and he sought treatment with unauthorized doctors.

At the hearing, Mr. Reazkallah testified through an interpreter that his injury was so severe that he requested an ambulance when it happened, but his supervisors refused. He questioned Dr. Nevels's opinion on the grounds that the doctor, being paid by Amazon, did not exercise independent judgment. Mr. Reazkallah also felt that the doctor's opinion was unreliable because he ordered no x-ray or MRI.[2]

Amazon moved Dr. Nevels's C-32 Standard Medical Report into evidence. In it, Dr. Nevels stated that Mr. Reazkallah's work was not primarily responsible for his injury or need for treatment.[3]

Mr. Reazkallah offered a C-32 from Dr. John Burleson, but on Amazon's objection, it was not admitted into evidence because it did not contain the statutorily required statement of qualifications.

Mr. Reazkallah testified that he suffered a serious injury and has significant physical limitations, including an inability to stand more than fifteen minutes at a time. He said he has missed a great deal of work because of the injury and he believes he is fully disabled. He requested medical treatment and disability benefits.

Amazon contended that Mr. Reazkallah is not entitled to benefits because he did not prove his injury was primarily caused by work.

## Findings of Fact and Conclusions of Law

Mr. Reazkallah has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). He must show by a preponderance of the evidence that he is entitled to the requested benefits. *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015).

---

[2] Mr. Reazkallah also complained of Amazon's failure to produce video of the incident and witnesses to the accident that he attempted to subpoena. Although Mr. Reazkallah caused subpoenas to be issued, he submitted no proof of proper service. He filed a certified mail receipt, but it only shows that the subpoena was delivered to the office of Amazon's attorney. The subpoenas themselves, with completed Return On Service attestations, were not filed with the clerk. Further, because the actual incident was never denied, it is unclear how these witnesses' testimony would be relevant to the medical causation question upon which this claim turns.

[3] On cross-examination, Amazon questioned Mr. Reazkallah extensively about his history of leg and back injuries, both before and since the incident in this claim. Because this case turns solely on the medical proof of causation, the Court will not summarize that testimony here.

Mr. Reazkallah must prove that his alleged injury arose primarily out of and in the course and scope of his employment. He must show "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(12) (2023).

In this case, Amazon offered the opinion of Dr. Nevels, who said Mr. Reazkallah's work was not primarily responsible for his injury or need for treatment. As he is an authorized panel physician, Dr. Nevels's causation opinion is presumed correct. Tenn. Code. Ann. § 50-6-102(12)(E).

The question then is, did Mr. Reazkallah rebut this presumption? The Court finds he did not, as he offered no admissible proof to counter Dr. Nevels's opinion.[4]

Therefore, the only medical proof is that Mr. Reazkallah's injury did not arise out of and in the course and scope of his employment. The Court cannot find he is entitled to workers' compensation benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Reazkallah's claim is denied and dismissed with prejudice.

2. Amazon shall pay the $150.00 filing fee under Tennessee Compilation Rules and Regulations 0800-02-21-.06 within five days of entry of this order.

3. Amazon shall file an SD-2 within five days of entry of this order.

4. Unless appealed, this order shall become final thirty days after entry.

**ENTERED December 11, 2023.**

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

---

[4] Even if Dr. Burleson's opinion had been admitted into evidence, his bare responses are mere disagreement, providing no insight into how he reached his conclusion or why Dr. Nevels's opinion was incorrect. Without additional information, Mr. Reazkallah could not have rebutted the presumption.

**APPENDIX**

Exhibits
1. C-32 Standard Form Medical Report of Dr. Harold Nevels
2. C-32 Standard Form Medical Report of John Burleson (identification only)
3. Medical Records from Dr. John Burleson (identification only)
4. August 2, 2023 Certificate of Absence from Advanced Injury Care Clinic (identification only)
5. November 22, 2022 Return to Work form Hughston Clinic Orthopaedics
6. December 22, 2021 Initial Report Form
7. March 31, 2021 treatment note of Dr. William Mayfield

Technical record:
8. Petition for Benefit Determination
9. Dispute Certification Notice
10. Uncertified subpoenas
11. Employer's Pre-Hearing Statement
12. Employer's Exhibit List
13. Employer's Witness List
14. Employer's Pre-Hearing Brief
15. Employer's Notice of Filing Form C-32
16. Request for Expedited Hearing
17. Expedited Hearing Order
18. Expedited Hearing Notice of Appeal
19. Order dismissing appeal
20. Motion for Contempt
21. Employee's responses to Motion for Contempt
22. Order denying Motion for Contempt

**CERTIFICATE OF SERVICE**

I certify that a copy of the Order was sent as indicated on December 11, 2023.

| Name | U.S. Mail | Via Email | Service sent to: |
|---|---|---|---|
| Maikel Reazkallah | X | X | 100 Bungalow Ct. Smyrna, TN 37167 Maikel.reazkallah@yahoo.com |
| Stephen Morton, Employer's Attorney | | X | stephen.morton@mgclaw.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Compensation Order Right to Appeal</u>:

If you disagree with this Compensation Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the Compensation Order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. The Court Clerk will prepare the technical record and exhibits for submission to the Appeals Board, and you will receive notice once it has been submitted. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript, and you must file it with the Court Clerk *within fifteen calendar days* of filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of filing the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the testimony presented at the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board must review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. You have *fifteen calendar days* after the date of that notice to file a brief to the Appeals Board. *See the Rules governing the Workers' Compensation Appeals Board on the Bureau's website*

**If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### Affidavit of Indigency

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | | |
|---|---|---|---|---|
| AFDC | $ _____ | per month | beginning | _____ |
| SSI | $ _____ | per month | beginning | _____ |
| Retirement | $ _____ | per month | beginning | _____ |
| Disability | $ _____ | per month | beginning | _____ |
| Unemployment | $ _____ | per month | beginning | _____ |
| Worker's Comp. | $ _____ | per month | beginning | _____ |
| Other | $ _____ | per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

Groceries        $ _____ per month      Telephone        $ _____ per month

Electricity        $ _____ per month      School Supplies $ _____ per month

Water           $ _____ per month      Clothing         $ _____ per month

Gas            $ _____ per month      Child Care       $ _____ per month

Transportation  $ _____ per month      Child Support   $ _____ per month

Car            $_____ per month

Other           $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House                  $ _____     (FMV) _____

Other                  $ _____     Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____